LAW OFFICE OF JULIO E. PORTILLA, P.C.
Julio E. Portilla, Esq.
380 Lexington Avenue, Suite 446
New York, NY 10168
Tel: (212) 365-0292
Fax: (212) 365-4417

*Proposed Attorneys for NICHOLAS JOHN FARLEY*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | |
|---|---|
| NICHOLAS JOHN FARLEY, | Chapter 11 |
| | Case No.: 25-11017 |
| Debtor. | |

**DEBTOR'S MOTION FOR AN ORDER
ESTABLISHING DEADLINE FOR FILING PROOFS OF
CLAIM AND DESIGNATING FORM AND MANNER OF NOTICE**

TO:   HONORABLE MICHAEL E. WILES,
      UNITED STATES BANKRUPTCY JUDGE:

Nicholas John Farley, as debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case, files this motion (the "Motion") and respectfully represents as follows:

**GENERAL BACKGROUND**

1.   On May 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for the relief afforded by Chapter 11, Title 11, U.S.C. §§1101 et seq. (the "Bankruptcy Code"). In accordance with sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and continues to operate and manage its businesses as a debtor-in-possession.

2. No request has been made for the appointment of a trustee or an examiner in this Chapter 11 Case. No official committee has been appointed by the Office of the United States Trustee.

## **JURISDICTION**

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **RELIEF REQUESTED**

4. This Motion is submitted in support of the entry of an Order (the "Bar Date Order") establishing a bar date for the filing of pre-petition Date proofs of claim ("Proofs of Claim") against the Debtor and designating the form and manner of notice thereof.

5. The Debtor has filed schedules of assets, liabilities, executory contracts, and unexpired leases (the "Schedules"). Pursuant to Rule 3003(b)(1) of the Bankruptcy Rules, the Schedules filed by the Debtor constitute *prima facie* evidence of the validity of the claims of creditors listed therein, unless they are scheduled as "disputed," "contingent," or "unliquidated." Any creditor whose claim is not scheduled or is scheduled as "disputed," "contingent, "or "unliquidated" must file a proof of claim pursuant to Bankruptcy Rule 3003(c)(2). Any and all creditors who fail to do so shall not be treated as creditors for purposes of voting and distribution, as provided by Bankruptcy Rule 3003(c)(2).

6. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. To identify and resolve claims expeditiously, the Debtor requests that the Court fix a deadline for filing Proofs of Claim of **September 17, 2025,** at 5:00 p.m. prevailing Eastern Time (the "General Bar Date"). The Debtor requests that all creditors be required to file a Proof of Claim on account of any Claim (as defined in 11 U.S.C. § 101(5))

against the Debtor, except as provided below. Notwithstanding any other provision of the Bar Date Order, governmental units will have until **November 14, 2025,** the date that is more than 180 days after the Petition Date, to file Proofs of Claim.

7. The Debtor requests that, at this time, Proofs of Claim not be required to be filed by creditors wishing to assert Claims against the Debtor of the types that are set forth below (the "Excluded Claims"):

   (a) a person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No.410;

   (b) a person or entity whose claim is listed on the Schedules (i) if the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

   (c) a holder of a claim that has previously been allowed by order of the Court;

   (d) a holder of a claim that has been paid in full by the Debtor; and

   (e) a holder of a claim for which this Court has previously fixed a specific deadline.

8. The Debtor further requests that any Claim arising from the rejection of an unexpired lease or executory contract of the Debtor after entry of the Bar Date Order be required to be filed on or before such date as the Court may fix in the applicable order authorizing such rejection (the "Rejection Bar Date"; together with the General Bar Date, the "Bar Date"). Any claims respecting any other lease or contract would be required to be filed by the General Bar Date.

9. The Debtor also requests that any holder of any interest in the Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of stock of the

Debtors (an "Interest"), not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock.

10. The Debtor further proposes that it shall retain the right to (a) dispute or assert offsets against or defenses to any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise or (b) subsequently designate any Claim as disputed, contingent or unliquidated; <u>provided</u>, <u>however</u>, that if the Debtor amends the Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the later of (i) the General Bar Date or (ii) thirty (30) days after the date that said claimant is served with notice of the amendment to the Schedules to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled Claim. Notwithstanding the foregoing, nothing set forth herein would preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds, unless the Debtor is barred from doing so by another order of the Court.

11. To facilitate the mailing of the Bar Date Notice (as defined below), as well as the need to provide the Debtors' creditors with a reasonable opportunity to prepare and file Proofs of Claim, the Debtor is requesting that the Court fix **September 17, 2025** as the General Bar Date, which will allow the creditors of the Debtor sufficient time in which to file Proofs of Claim.

12. The Debtor intends to give notice of the Bar Date, in substantially the same form annexed to the Bar Date Order (the "Bar Date Notice") by first class mail at least 35 days prior to the General Bar Date on:

    (a) the United States Trustee;

    (b) counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in this Chapter 11 case;

(d) all persons or entities who have filed claims in this case;

(e) all creditors and other known holders of claims, including all persons or entities listed in the Schedules as holding claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor; and

(h) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units.

13. The Debtor submits that notification of the Bar Date, as set forth above, is proper and sufficient notice pursuant to section 102 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007 and that the entry of the annexed Bar Date Order is in the best interests of the Debtor, its estate, and its creditors.

## **NO PRIOR REQUEST**

14. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the annexed Order establishing a Bar Date and directing notice thereof and grant such other and further relief as the Court may deem just and proper.

Dated: August 3, 2025
      New York, NY                    Respectfully submitted,

**LAW OFFICE OF JULIO E. PORTILLA, P.C.**

*/s/ Julio E. Portilla*
Julio E. Portilla, Esq.
380 Lexington Avenue, Suite 446
New York, NY 10168
(212) 365-0292; (212) 365-4417 fax
jp@julioportillalaw.com